IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT
PINE BLUFF DIVISION

DUSTIN E. CHANDLER                                                                        PETITIONER


V.                                      NO. 5:09CV0020 JLH/JTR


LARRY NORRIS,
Director of Arkansas Department
of Corrections
                                                                                            RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the requested hearing before

>       the United States District Judge was not offered at the hearing
>       before the Magistrate Judge.
>
> 3.    An offer of proof setting forth the details of any testimony or other
>       evidence (including copies of any documents) desired to be
>       introduced at the requested hearing before the United States
>       District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR 72201-3325

## I. Introduction

On January 22, 2009, Petitioner, Dustin E. Chandler, an inmate in the Arkansas Department of Correction (ADC), filed this § 2254 habeas action. (Docket entry #1). On March 23, 2009, Respondent filed his Response. (Docket entry #6). On May 27, 2009 and June 25, 2009, Petitioner filed Motions for Extension of Time to File a Reply. (Docket entries #8, #10). The Court granted both of Petitioner's Motions, but he never filed a Reply. (Docket entries #9, #11). Thus, the issues are now joined and ready for disposition.

Before addressing the merits of the Petition, the Court will review the relevant procedural history of the case. On May 7, 2007, Petitioner pled guilty to six drug-related offenses.[1] (Docket

---

[1] Four of these charges arose from a search of Petitioner's home on October 10, 2003. During this search, law enforcement officers discovered materials needed for cooking methamphetamine, three loaded firearms, and a safe containing 1.8 grams of methamphetamine and 6.8 grams of psychedelic mushrooms. (Docket entry #6). On July 21, 2004, a search of his car uncovered materials needed for cooking methamphetamine. *Id.* Finally, Petitioner fled the country before his March 20, 2007, jury trial and was apprehended in Belize. *Id.* As a result,

entry #6). Petitioner's negotiated plea mandated that he serve twenty-four years in the ADC. *Id.* The judgment was entered on May 15, 2007. *Id.*

Petitioner filed his Rule 37 Petition on August 15, 2007, ninety-two days after the judgment was entered. (Docket entry #6). Because it was filed outside the ninety day filing deadline as set forth in Rule 37, the trial court dismissed the petition for lack of jurisdiction . *Id.* Petitioner appealed the dismissal to the Arkansas Supreme Court. *Id.* citing *Chandler v. State,* 2008 WL 1822438, *1. The Court dismissed the appeal holding that a trial court lacks subject matter jurisdiction to consider an untimely-filed petition for post-conviction relief. *Id.*

On January 22, 2009, Petitioner filed this federal habeas action. In his Petition, he asserts two claims: (1) actual innocence and (2) ineffective assistance of counsel. (Docket entry #1). Respondent argues that the petition is time-barred; actual innocence is not a cognizable claim; and the ineffective assistance of counsel claim is procedurally defaulted. (Docket entry #6).

For the reasons explained below, the Court concludes that both of Petitioner's claims are time-barred. Accordingly, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and that the case be dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a federal habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of

---

Petitioner was charged with failure to appear. *Id.*

all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

Under Arkansas law, Petitioner could not appeal his guilty plea. *See* Ark. R. Crim. P. – App. 1(a). Thus, for purposes of the AEDPA, Petitioner's conviction was "final" on May 15, 2007, the date his Judgment and Commitment Order was entered. From that date, Petitioner had one year, until May 15, 2008, to file his federal habeas Petition.

He initiated this action on January 22, 2009, over seven months *after* the expiration of the one year limitation period. Accordingly, the federal habeas Petition was not timely filed under § 2244(d)(1).

AEDPA goes on to provide that the one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

Petitioner filed his Rule 37 Petition on August 15, 2007, two days *after* the expiration of the ninety day period for seeking such post-conviction relief. *See Chandler v. State,* 2008 WL 1822438 (Apr. 24, 2008)(unpublished)(dismissing Petitioner's appeal because a trial court lacks subject-matter jurisdiction to hear an untimely-filed petition for post-conviction relief). Where a state post-conviction motion is untimely filed, it has no statutory tolling effect. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state postconviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period). Thus, Petitioner

cannot avail himself of statutory tolling in this case.

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may be applicable. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

Petitioner argues that he is "actually innocent," a contention which may be relevant to equitable tolling. *See Flanders v. Graves*, 299 F.3d 974, 977-78 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003) (actual innocence may be relevant to equitable tolling where a petitioner shows some action or inaction on respondent's part that prevented him from discovering the relevant facts establishing innocence in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations). However, Petitioner, *who pleaded guilty*, has not come forward with any new relevant facts establishing his innocence, much less that Respondent prevented him from discovering any relevant facts in a timely fashion or that a reasonably diligent petitioner could not have discovered the facts within the one-year limitations period. Accordingly, equitable tolling does not apply in this case.

### III. Conclusion

IT IS THEREFORE ORDERED THAT the Petition for Habeas Corpus under 28 U.S.C. § 2254 (docket entry #1) is DENIED, and the case is DISMISSED, WITH PREJUDICE.

Dated this 25th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE